## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LIESA J. MANBECK,**

      **Plaintiff,**

      **v.**
                                   **Case No. 22-2052-JAR-RES**

**FNU LNU, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

On December 29, 2022, this Court adopted as its own Magistrate Judge Rachel E. Schwartz's Report and Recommendation of dismissal without prejudice under Fed. R. Civ. P. 41(b), for failure to prosecute this action.[1]  Before the Court is Plaintiff Liesa J. Manbeck's Motion for Reconsideration (Doc. 37) of the Court's decision to dismiss this case.  As described more fully below, the Court denies Plaintiff's motion.

## I.        Background

Plaintiff filed this civil rights action on February 4, 2022, alleging that six unidentified officers used excessive force and subjected her to false arrest.[2]  Her claims arise out of events that occurred at her home on February 6, 2020, at the University of Kansas Medical Center ("KUMC") emergency room on November 11, 2020, and at an unspecified location on November 11, 2020.  It is unclear from the Complaint whether she alleges certain officers are Kansas City, Kansas police officers, or officers associated with the University of Kansas Medical Center ("KUMC").

---

[1] Doc. 35.

[2] Doc. 1.

Plaintiff was granted leave to proceed in forma pauperis ("IFP"), and ordered "to provide the addresses of all Defendants by no later than March 8, 2022, so that the Clerk of the Court may proceed with service of process."[3]  Plaintiff failed to comply with this order, and subsequently failed to provide the Clerk with names and/or correct addresses for Defendants, despite several attempts to do so between March and August 2022.

On August 24, 2022, Judge Schwartz held a status conference with Plaintiff and explained to her that the case could not move forward without her identifying the defendants she wished to sue, which could allow for proper service.  Plaintiff indicated that she would review paperwork she had on hand and undertake further efforts to identify Defendants.  The court ordered Plaintiff to file an amended complaint by September 23, 2022, naming any or all of the Defendant officers or providing additional information about these individuals.[4]

The September 23, 2022 deadline passed without Plaintiff filing an amended complaint or seeking an extension of time to do so.  Judge Schwartz provided her with additional time before entering an Order to Show Cause on November 9, 2022, that required Plaintiff to either: (1) comply with the court's prior order and file an amended pleading naming or more specifically identifying Defendants; or (2) show cause in writing why Judge Schwartz should not recommend that this case be dismissed without prejudice pursuant to Rule 41(b) for noncompliance with the court's order directing her to file an amended complaint, and for failure to prosecute.[5]  The Order to Show Cause was mailed to Plaintiff's address of record by certified and regular mail.

---

[3] Doc. 9 at 1.

[4] Doc. 30.

[5] Doc. 31.

Plaintiff did not comply with this Order to Show Cause.  Thereafter, on December 1, 2022, Judge Schwartz filed a Report and Recommendation of Dismissal under Rule 41(b), for failure to comply with her November 9, 2022 Order to Show Cause, and for failure to prosecute.[6] The Report and Recommendation was mailed to Plaintiff's address of record, and a certified mail receipt was signed for on December 5, 2022.[7]  Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Plaintiff had fourteen days after service to file objections to Judge Schwartz's Report and Recommendation.  No objections were filed, and on December 29, 2022, this Court adopted as its own Judge Schwartz's Report and Recommendation of Dismissal under Rule 41(b).[8]  The Clerk entered Judgment that same day.[9]  This Court's Order and Judgment were sent to Plaintiff's address of record by regular mail.

Almost three months later, on March 24, 2023, Plaintiff filed the instant motion to reconsider this Court's December 29, 2022 Order adopting Judge Schwartz's Report and Recommendation of dismissal.  In Plaintiff's motion, she asks that her case be reopened and represents that: (1) she was able to obtain three names of Kansas City, Kansas police officers that took part in her alleged false arrest, but has been met with resistance in identifying the officers she encountered at KUMC; (2) during the status conference with Judge Schwartz in August, she said "pull the payroll records for February 6, 2020"; (3) she was hospitalized beginning in September 2022, so she could not comply with Judge Schwartz's August and November orders; (4) she has been evicted from her residence and lost her personal possessions; (5) she has severe

---

[6] Doc. 33.

[7] Doc. 34.

[8] Doc. 35.

[9] Doc. 36.

injuries stemming from the excessive force she alleges in this case; and (6) she suffers from post-traumatic stress disorder.

## II.      Standards

Plaintiff moves for reconsideration of this Court's Order adopting Judge Schwartz's Report and Recommendation to dismiss this case without prejudice under Rule 41(b).  Under the Court's local rule, unless it is brought under Fed. R. Civ. P. 59(e) or 60, a motion to reconsider must be filed within 14 days after the order is served.[10]  Here, Plaintiff's motion was filed almost three months after the Court's December 29, 2022 Order was filed.  Because motions to reconsider under the local rule must be filed within 14 days or service, and motions to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after entry of final judgment, Plaintiff's only avenue for reconsideration is Rule 60.

Because Plaintiff proceeds pro se, the Court is mindful that it must construe her pleadings liberally and apply a less stringent standard than which is applicable to attorneys.[11]  The Court therefore liberally construes Plaintiff's motion under Rule 60(b), which provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

[10] D. Kan. R. 7.3.

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[12]

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[13]  The Court has discretion when granting a motion for relief from an order or judgment under Rule 60(b).[14]

Liberally construing Plaintiff's motion, she seeks relief under either Rule 60(b)(1) or (6). Under Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a . . . deadline is attributable to negligence."[15]  Whether neglect is excusable is an equitable determination, taking into account all of the relevant circumstances, including the following relevant factors:

> "[T]he danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."  An additional consideration is whether the moving party's underlying claim is meritorious.[16]

The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[17]  But the rule applies "only in extraordinary circumstances and

---

[12] Fed. R. Civ. P. 60(b).

[13] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[14] *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

[15] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 394 (1993).

[16] *Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) (footnote omitted) (alterations in original) (citations omitted) (first quoting *Pioneer Inv. Servs. Co.,* 507 U.S. at 395; and then quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[17] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

only when necessary to accomplish justice."[18]  Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[19]  The Supreme Court has made clear though that "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable."[20]

## III.   Discussion

In her motion for reconsideration, Plaintiff offers the following explanation for failing to meet Judge Schwartz's deadline for amending the complaint and accomplishing service: she was hospitalized for a period of time starting on September 22, 2022, and then she was evicted, losing her possessions.  She has now updated her address with the Clerk's office.  Plaintiff further represents that she has now identified three of the six unknown police officers listed as defendants in this matter, but she has had no progress identifying the officers associated with KUMC.

Plaintiff is unable to meet her burden of showing excusable neglect for failing to comply with Judge Schwartz's orders.  The August 24, 2022 Order setting a deadline to amend and identify Defendants was made orally during a status conference in which Plaintiff participated. Judge Schwartz followed up with a written order memorializing this deadline on August 25, 2022.[21]  The Court finds that the failure to comply with Judge Schwartz's deadline for amending the complaint and identifying Defendants was within Plaintiff's control.  While the Court acknowledges Plaintiff's contention that she was hospitalized beginning the day before the

---

[18] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[19] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

[20] *Pioneer Inv. Servs. Co*., 507 U.S. at 393.

[21] Doc. 30.

deadline, she provides no indication that she took any action prior to September 22, 2022 to comply with Judge Schwartz's Order.  Instead, Plaintiff waited approximately six months—until March 24, 2022—to file anything further in this case.  Therefore, the length of the delay and its impact on the judicial proceedings weighs strongly against her—it has now been over one year since this case was filed and no Defendant has been named or served.[22]

Similarly, Plaintiff has not shown excusable neglect for failing to respond to Judge Schwartz's November 9, 2022 Order to Show Cause, or object to her December 1, 2022 Report and Recommendation.  Both orders were sent to her by regular and certified mail and the return receipts were filed.  It was up to Plaintiff to maintain a correct address on file with the Court and to seek relief from any deadline she could not meet and to comply with the Court's rules of procedure.[23]  Plaintiff has therefore failed to demonstrate excusable neglect.

Moreover, the Court does not find that relief from judgment under Rule 60(b)(6) is warranted here.  First, as described above, the Court finds that Plaintiff was at fault for failing to comply with Judge Schwartz's orders and for failing to prosecute her case.  Therefore, her neglect must be excusable, and it is not.  Second, Plaintiff has not pointed to any event after entry of judgment on December 29, 2022, not contemplated by her, that would render enforcement of the judgment inequitable.  To the extent Plaintiff relies on injuries she suffered from the alleged excessive force claims in this case, such injuries are not post-judgment events that would amount to extraordinary circumstances.  Moreover, they do not explain her failure to

---

[22] Plaintiff states in her motion: "When you and I spoke, I said "pull the payroll records for Feb 6, 2020." Doc. 37 at 1.  The Court assumes Plaintiff refers to a statement she made to Judge Schwartz at the August 24, 2022 status conference.  Of course, Judge Schwartz has no duty to investigate Plaintiff's claims and attempt to identify the defendants for her in this matter.

[23] D. Kan. R. 5.1(b)(3) (stating that each pro se party must notify the clerk of any change to address or telephone number); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005))).

abide by several months' worth of opportunities to identify and serve the defendants she wishes to name in this lawsuit, nor do they sufficiently explain her failure to respond to Judge Schwartz's Order to Show Cause, or object to her Report and Recommendation.  This case does not present extraordinary circumstances allowing for relief from judgment under Rule 60(b)(6).

Accordingly, Plaintiff has failed to establish a basis for granting relief from judgment in this matter under Rule 60(b)(1) or (6).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Liesa J. Manbeck's Motion for Reconsideration (Doc. 37) is **denied**.

**IT IS SO ORDERED.**

Dated: April 12, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE